UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. PIERCE DIVISION

Case No. 2:24-CV- 14024-_____

SCOTT FLEMING,

    Plaintiff,

v.

MARK GIBSON, an Individual, and LIVE YOUR IMPOSSIBLE PARTNERS LLC, a Florida Limited Liability Company,

    Defendants.

## COMPLAINT

COMES NOW, Plaintiff, Scott Fleming (hereinafter "Plaintiff") by and through his undersigned counsel, sues Defendants, Mark Gibson ("Gibson") and Live Your Impossible Partners LLC ("LYI Partners") (collectively, "Defendants"), and alleges as follows:

### NATURE OF THE ACTION

1. This is an action for violations of federal and state law prohibiting the sale of unregistered securities, the sale of securities by unlicensed persons, and fraud in connection with the Defendants' sale of membership interest in a Florida limited liability company incorporated for the purposes of a solar energy venture. This action also alleges related claims for an equitable accounting, breach of contract, and breach of fiduciary duty under state law arising out of the actions by Defendants alleged herein.

### JURISDICTION AND VENUE

2. This is an action for damages in excess of $75,000.00 exclusive of interest, costs, and attorney's fees.

3. Plaintiff is an individual who resides in Levittown, Pennsylvania.

4. Defendant, Mark Gibson, is an individual residing in Port St. Lucie, Florida, and is the Registered Agent and 80% equity owner of LYI Partners.

5. Defendant, LYI Partners, was a Florida limited liability company with its principal place of business located in Port St. Lucie, Florida. The company was formed on February 15, 2022.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, based upon Plaintiff' claims under the Securities and Exchange Act of 1934, 15 U.S.C. § 78, Rule 10b-5, 17 C.F.R. § 240.10b-5. Federal courts have exclusive jurisdiction over violations of the Securities and Exchange Act of 1934. 15 U.S.C. § 78aa.

7. Personal jurisdiction is proper over the Defendants because they reside in the State of Florida and a substantial part of the events giving rise to this controversy occurred in Florida.

8. Jurisdiction is proper under diversity of citizenship between the parties and the amount in question is over $75,000.00. 28 USC 1332(a).

9. This Court has pendant jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

10. In connection with the acts alleged in this Complaint, Defendants used or caused to be used the means and instrumentalities of interstate commerce, including but not limited to email, mail, and interstate telephone communications.

**GENERAL FACTS**

11. Plaintiff and Gibson met each other sometime between 2010 and 2015 due to their service in a nonprofit organization. Gibson came to know Plaintiff as someone who may invest in corporate opportunities.

12. In January 2022, Gibson began to solicit Plaintiff to invest in a new venture founded by Gibson. Gibson informed Plaintiff that this new venture would sell solar energy

projects/services and generate substantial returns very quickly. The enterprise would consist of setting up a call center managed by Gibson and his associate Nicholas Kober ("Kober"). Gibson provided that this new venture would be operated through LYI Partners and that Plaintiff would receive 20% equity interest in LYI Partners in exchange for his investment of $100,000.00.

13.     On or around January 25, Gibson, through Kober, sent Plaintiff an email with spreadsheets attached containing projections of expenses, revenues, and profits. In conformity with Gibson's prior representations to Plaintiff, the projections represented to Plaintiff that in exchange for an initial investment of $100,000.00 he would receive $4200/mo after six months for one year ($50400) plus 20% a month starting on month two of the startup.

14.     To further induce Plaintiff to invest in the company, on or around January 31, 2022, Gibson sent Plaintiff a "pro forma" (which Gibson subsequently refers to in writing as the "Performa") Google Docs Spreadsheet through Kober entitled "Yearly Solar Projections".

15.     Gibson has since caused the deletion and removal of Yearly Solar Projections from Google Docs, and the document is now inaccessible. However, Plaintiff took careful notes of the projections, which projected profits as follows:

- Month 2: $2,834.56
- Month 3: $3,749.18
- Month 4: $6,114.14
- Month 5: $7,389.92
- Month 6: $9,683.26
- Month 7: $10,547.79
- Month 8: $11,661.08
- Month 9: $12,396.04

- Month 10: $13,726.30
- Month 11: $14,634.96
- Month 12: $15,654.84

16. As part of the above-referenced representations, Plaintiff was further reassured that he would receive $4,200 per month after six months for 1 year ($50,400) along with 20% per month from month two for a total of approximately $108,000 for the period between months two and twelve of the startup, with an additional $1,000 per month in months 13 and 14.

17. After receiving the projections and representations above, Plaintiff arranged for a conference with his accountant, Gibson, and Kober in February 2022, prior to Plaintiff making his initial investment. When Plaintiff's accountant expressed concern about the projections lacking a hard factual basis, Plaintiff and his accountant were repeatedly reassured by Gibson that these were generated with Kober who was an expert in the solar industry with more than ten years' experience and that the numbers were a realistic representation of what Plaintiff should expect his returns to be.

18. On February 4, 2022, Plaintiff emailed a law firm to create an operating agreement establishing that Plaintiff was a 20% owner in the company.

19. On February 14, 2022, Gibson sent Plaintiff a "Talking Paper" concerning the representations to Plaintiff, which included that Plaintiff would be privy to all aspects of the business, including "Bank Records" and would receive a return on his investment consistent with the "Performa" that was previously provided.

20. In reliance of the promises and guarantees made by Gibson, Plaintiff agreed to contribute $100,000.00 as capital contribution in LYI Partners, as detailed in a promissory note guaranteed by Gibson on February 23, 2022. Attached hereto as **Exhibit A**.

21. In reliance of the representations made by Gibson, Plaintiff provided Gibson with the following sums of money for capitalization of the Company:

    a. on February 23, 2022, Plaintiff provided initial capital of $35,000.00 to Gibson; and

    b. on March 10, 2022, Plaintiff provided an additional capital amount $15,000.00 to Gibson; and

    c. on March 28, 2022, Plaintiff provided an additional capital amount of $50,000.00.

22. The above-described representations (the "Representations") made by Gibson were knowingly false when made or, in the alternative, were severely reckless when made in that they were highly unreasonable misrepresentations that were calculated to mislead Plaintiff into investing in the company.

23. Gibson intended that the Representations to Plaintiff would induce him into wiring the above-described funds for the startup of the company.

24. Acting in reliance of the representations, Plaintiff was induced to wire the above-described funds to Gibson.

25. Around July/August of 2022, Plaintiff had yet to receive any distribution from the Company or any return of his investment. Plaintiff contacted Gibson inquiring about the distributions and return of his investment, to which Gibson informed Plaintiff that the Company was changing its line of business by selling vacation travel packages/services and not products/services in the solar industry.

26. After several demands made by Plaintiff for return of his capital, around October 2022, Plaintiff and Gibson agreed that Plaintiff would receive 60% of the profits of the LYI Partners until Plaintiff's investment of $100,000.00 was recuperated.

27. Upon information and belief, Gibson did not distribute 60% of the profits to Plaintiff as the parties had agreed upon.

28. It became clear throughout 2023 to Plaintiff and his accountant that Gibson was willfully failing to provide books and records of the company and had engaged an accountant to prepare a profit and loss statement and balance sheet that grossly departed from generally accepted accounting principles (GAAP) to try and appease Plaintiff.

29. On or about May 5, 2023, Plaintiff informed Gibson of the misrepresentations made by Gibson in his solicitation for his investment, at which point Gibson attempted to misrepresent Plaintiff's investment as a loan and not an investment into the company. During this meeting, Gibson further made representations that Plaintiff, owning 20% of the membership interest in the Company, could expect $120,000.00 per year minimum and that Gibson would receive about $480,000.00 per year in distributions. However, this was not true as Mr. Gibson later notified the Plaintiff that he is dissolving the Company.

30. The Plaintiff did not consent to the dissolution.

31. Defendant, Gibson unilaterally dissolved the Company on May 24, 2023, without Plaintiff's consent, in violation of Florida Statute Section 605.0701(2), which requires unanimous consent of all Members to dissolve a Florida limited liability company.

32. Upon information and belief, upon dissolution Gibson usurped the Company's assets for personal benefit.

33. Defendants intentionally solicited Plaintiff with the projections of the value of his investment with assurances of a specific return or guarantee of success. Defendants made such statements to solicit with knowledge of their falsity or, in the alternative, with reckless indifference to the Gibson's capabilities on delivering such results.

34. Gibson never intended to return the Plaintiff's investment or provide the Plaintiff with the promised returns and profits, instead he acted in his own self-interest and on behalf to, among other things: (1) fund a number of other companies owned by Gibson; (2) make deposits into Gibson's personal accounts; and (3) utilize the funds for reasons other than the Company.

## COUNT I
## Violation of Section 10(b) of the
## 1934 Securities and Exchange Act and Rule 10b-5 (17 C.F.R. § 240.10B-5)

35. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 34 as if fully set forth herein.

36. This is a claim for damages against Defendants for violation of Section 10(b) of the 1934 Securities and Exchange Act, 15 U.S.C. § 77 and Rule 10b-5, codified at 17 C.F.R. section 240.10b-5.

37. Defendants violated securities laws through their actions and misrepresentations related to Plaintiff's investment in the Company.

38. Defendants' material representations to Plaintiff were untrue, and Defendants' omissions of material facts were necessary so that Defendants' misrepresentations to Plaintiff appeared to be not misleading.

39. The Defendants' untrue statements of material facts and omissions alleged herein were made with the intention of inducing, and did thereby induce, Plaintiff to purchase the membership interest of LYI Partners.

40. In reasonable reliance on Defendants' misrepresentations and omission, Plaintiff invested over $100,000 to purchase interest *i.e.,* LYI Partners.

41. The securities *(i.e.*, the membership interest of LYI Partners) were not registered under the 1933 Federal Securities Act.

42. Plaintiff would not have agreed to purchase the securities and invest in LYI Partners but for Defendants' misleading statements and failure to disclose material facts.

43. Defendants' conduct was willful, malicious, oppressive, and/or reckless, and was of such nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

**WHEREFORE** Plaintiff demands judgment against Defendants, jointly and severally, for damages, including punitive damages, as follows:

a. Order forfeiture of all property, including real property and cash, used in the course of, derived from, or realized though the conduct of Defendants to Plaintiff;

b. Award Plaintiff damages including but not limited to lost profits and other gains caused by Defendants' misrepresentations and material omissions;

c. Award Plaintiff the costs of the initial investment in the amount of $100,000.00;

d. Award of punitive damages against Defendants sufficient to punish Defendants for their wrongdoing and deter others from engaging in similar conduct;

e. Award Plaintiff costs of litigation, including attorneys' fees; and

f. Award other relief as the Court deems appropriate.

## COUNT II
### Accounting

44. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 34 as if fully set forth herein.

45. Plaintiff seeks an accounting of all financial transactions related to LYI Partners, to ascertain the damages caused by Defendants' actions.

46. Plaintiff is not aware of and have no way of verifying where his investment funds were diverted. Plaintiff is without an adequate remedy at law and requires an equitable accounting from Defendants as payments, disbursements and/or distributions of their invested funds. Plaintiff is further entitled to an accounting as to Defendants' possession, use, and conversion of all monies invested in LYI Partners by Plaintiff, and to determine where his investment funds were diverted.

**WHEREFORE**, Plaintiff respectfully request an Order of this Court requiring a full equitable accounting as to their investment funds, and other such relief as the Court deems just and necessary.

## COUNT III
## Breach of Investment Contract

47. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 34 as if fully set forth herein.

48. Plaintiff and Defendants entered into a binding investment contract, as evidenced by the promissory note. Attached hereto as Exhibit A.

49. Plaintiff has performed all conditions precedent to his obligations under the contract.

50. Defendants breached the contract by dissolving the Company without the consent of the Plaintiff under the Florida Revised Limited Liability Act.

51. Defendants breached the contract by failing to distribute its profits and assets.

52. As a direct and proximate result of Defendants' breach, Plaintiff has suffered damages.

**WHEREFORE** Plaintiff requests an award for damages against Defendants, jointly and severally, for all damages proper under applicable law, prejudgment interest, reasonable attorneys' fees, taxable costs in connection with the maintenance of this action, and for any other and further relief deemed proper by this Court.

## COUNT IV
### Breach of Statutory Fiduciary Duty

53. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 34 as if fully set forth herein.

54. At all times Gibson had a fiduciary relationship with the Plaintiff as a Manager and Member of LYI Partners.

55. Defendant, Mark Gibson, owed Plaintiff a fiduciary duty of loyalty and care pursuant to Florida Statute Section 605.04091.

56. Defendant breached this fiduciary duty by improperly dissolving the Company without Plaintiff's consent.

57. As a direct and proximate result of Defendant's breach of fiduciary duty, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff Scott Fleming, demands judgment against Defendant Mark Gibson for damages, including lost profits in an amount to be determined at trial, costs, interest, and reasonable attorneys' fees, and all other relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

Dated this 30th day of January 2024.            Respectfully submitted,

*s/ Brian Calciano*
BRIAN CALCIANO
Florida Bar No. 108879
*Counsel for Plaintiff*

**CALCIANO PIERRO, PLLC**
146 Second Street North – Suite 304
St. Petersburg, Florida 33701
(727) 217-5400
brian@flemploymentlaw.com